Ruth A. Shapiro, 9356
Stephen D. Kelson, 8458
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 323-5000
ruth.shapiro@chrisjen.com
stephen.kelson@chrisjen.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IREIT LAYTON POINTE, L.L.C., A Delaware limited liability company, by and through its managing agent, INLAND NATIONAL REAL ESTATE SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SWH MIMI'S CAFÉ, L.L.C., a California limited liability company; SWH CORPORATION, a California corporation; and DOE BUSINESS ENTITIES 1-20,<br>Defendant. | **ANSWER OF SWH MIMI'S CAFÉ, L.L.C AND SWH CORPORATION**<br><br><br>Civil No. 1:15-cv-00135 BSJ<br><br>Judge Bruce S. Jenkins |

Defendants, SWH Mimi's Café, L.L.C. and SWH Corporation (collectively "Defendants"), by and through counsel, hereby submit the following Answer to Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## **SECOND DEFENSE**

Defendants respond to the specifically-numbered allegations of Plaintiff's Complaint as follows:

1. Defendants deny, for lack of sufficient knowledge and information, the allegations of paragraph 1.

2. Defendants deny, for lack of sufficient knowledge and information, the allegations of paragraph 2.

3. Defendants deny that SWH Mimi's Café, LLC is conducting business in Davis County, Utah as "Mimi's Café #90." Defendants admit the remainder of paragraph 3.

4. Defendants deny that SWH Corporation is an active California corporation. Defendants admit the remainder of paragraph 4.

5. Defendants deny paragraph 5.

6. Defendants deny, for lack of sufficient knowledge and information, the allegations of paragraph 6.

7. The subject commercial lease agreement speaks for itself. To the extent other facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 7 for lack of sufficient knowledge or information.

8. Paragraph 8 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 8 for lack of sufficient knowledge or information.

9. Defendants reallege and incorporate by reference their response to paragraphs 1 through 8 as if set forth at length herein.

10. The subject commercial lease agreement speaks for itself. To the extent other facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 10 for lack of sufficient knowledge or information.

11. Paragraph 11 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 11 for lack of sufficient knowledge or information.

12. The subject commercial lease agreement speaks for itself. To the extent other facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 12 for lack of sufficient knowledge or information.

13. Defendants deny paragraph 13 in part. Defendants admit that they retained possession of the premises on or about November 4, 2014. Defendants deny the remainder of paragraph 13.

14. Admit.

15. Paragraph 15 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 15 for lack of sufficient knowledge or information.

16. The referenced document speaks for itself. To the extent other facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 16 for lack of sufficient knowledge or information.

17. The referenced document speaks for itself. To the extent other facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 17 for lack of sufficient knowledge or information.

18. Paragraph 18 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 18 for lack of sufficient knowledge or information.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Paragraph 24 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 24.

25. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 24 as if set forth at length herein.

26. Paragraph 26 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 26 for lack of sufficient knowledge or information.

27. Paragraph 27 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 27.

28. Paragraph 28 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 28.

29. Paragraph 29 sets forth a legal conclusion requiring neither an admission nor denial by Defendants. To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 29.

30. Deny.

31. Deny.

32. Deny.

33. Defendants reallege and incorporate by reference their responses to paragraphs 1 through 32 as if set forth at length herein.

34. Deny.

35. Deny.

36. Deny.

37.     Paragraph 37 sets forth a legal conclusion requiring neither an admission nor denial by Defendants.  To the extent facts are alleged, Defendants deny any factual allegations asserted or implied in paragraph 37.

## GENERAL DENIAL

Defendants deny all allegations in the Complaint not expressly admitted herein.  Defendants further deny that Plaintiff is entitled to any relief it has requested in the Complaint.

## THIRD DEFENSE

Plaintiff's claims against Defendants are barred by the doctrine of unclean hands, waiver, mistake, laches, acquiescence, discharge and/or estoppel.

## FOURTH DEFENSE

Plaintiff's claims against Defendants may be barred as a matter of law, in whole or in part, by lack of privity, lack of contract or agreement, and lack of consideration.

## FIFTH DEFENSE

Plaintiff's claims, in whole or in part, may be barred for lack of standing.

## SIXTH DEFENSE

Plaintiff's claims are barred because they have failed to mitigate their damages, if any.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by their own wrongful conduct.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the express terms of the parties' agreements.

### NINTH DEFENSE

Plaintiff's claims predicated on any contract fail, in whole or in part, because of their failure to perform.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants satisfied all of its obligations, if any, to Plaintiff and Defendants acted in good faith in performance of their duties and responsibilities, if any.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by its own breach of contract and by its failure to otherwise perform or to fulfill conditions precedent.

### TWELFTH DEFENSE

Plaintiff's purported damages, if any, were caused by persons other than Defendants.

### THIRTEENTH DEFENSE

Defendants reserve the right to assert additional defenses to the extent that such defenses become known as a result of discovery or otherwise, which defenses are otherwise required by Rule 8 of the Federal Rules of Civil Procedure.

### FOURTEENTH DEFENSE

Plaintiff's claims based on equity are barred and precluded by the express contract and legal remedies.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants having fully answered the Complaint hereby prays for relief as follows:

1. For dismissal of the Complaint with prejudice and judgment in favor of Defendants;

2. For costs of defense and attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 29th day of October, 2015.

                                           CHRISTENSEN & JENSEN, P.C.

                                           /s/ *Stephen D. Kelson*
                                           Ruth A. Shapiro
                                           Stephen D. Kelson
                                           *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of October, 2015, I electronically filed the **ANSWER OF SWH MIMI'S CAFÉ, L.L.C AND SWH CORPORATION** with the Clerk of Court using CM/ECF system which sent notification of such filing to the following:

J. Gregory Hardman
W. Devin Snow
SNOW JENSEN & REECE, P.C.
Tonaquint Business Park, Building B-200
912 West 1600 South
St. George, Utah 84771-2747


                                                        */s/ Karen Harwood*